UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Civil Action No. __3:22-cv-00817_____

JENNIFER M. LUCAS,

    Plaintiff,

v.

TRUEACCORD CORP. and LVNV FUNDING LLC,

    Defendants.

_____/

## COMPLAINT

**NOW COMES** Jennifer M. Lucas ("Plaintiff"), by and through the undersigned attorneys, complaining of the Defendant, TRUEACCORD CORP. and LVNV FUNDING LLC, (collectively, "Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 et. *seq*.

1

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Middle District of Florida, Defendant conducts business in the Middle District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Middle District of Florida.

5. TRUEACCORD CORP. ("TrueAccord") is a corporation organized under the laws of the state of Delaware.

6. TrueAccord maintains its principal place of business in Greenville, South Carolina.

7. TrueAccord specializes in debt collection and collects debts on behalf of others nationwide.

8. TrueAccord is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of TrueAccord's business is the collection of debt

owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

9. LVNV Funding LLC ("LVNV") is a limited liability company organized under the laws of Delaware.

10. LVNV is a nationally recognized debt buyer that purchases debts from third parties for pennies on a dollar and then collects the debts for financial gain.

11. LVNV maintains its principal place of business in Las Vegas, Nevada.

12. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because its principal business purpose is the collection of debt.

## FACTS SUPPORTING CAUSE OF ACTION

13. Prior to the events giving rise to this action, Plaintiff applied and obtained financing for a purchase she completed at Kay Jewelers ("subject debt").

14. Unfortunately, Plaintiff fell into financial hardship leaving her unable to sustain timely payments towards the subject debt.

15. Sometime in or around May 2022, Defendant began placing collection calls to Plaintiff's cellular telephone ending in 3645.

16. Specifically, Defendant would call Plaintiff's cellular telephone no less that twice a day on back to back days.

17. On or around June 2022, Plaintiff answered Defendant's incoming call and requested that all calls cease entirely.

18. Sadly, Plaintiff's requests fell on deaf ears as Defendant continued its on slot of harassing telephone calls.

19. Moreover on July 1, 2022, Defendant began issuing text messages to Plaintiff's daughter in an attempt to collect the subject debt.

20. Specifically, Defendant's text message stated: "This is TureAccord, a debt collector. Your account has been placed with us. View your account summary: https://sm.true.ac/25b3wca. Reply STOP to opt out of SMS."

21. Initially, Plaintiff's daughter opened the hyperlink attached to Defendant's text message and was directed to Defendant's online portal, where she found detailed information regarding the subject debt.

22. Plaintiff's daughter was puzzled by Defendant's text message after discovering that the subject debt belonged to her mother and not herself.

23. Shortly thereafter, Plaintiff was notified by her daughter of Defendant's attempt to collect the subject debt via text message.

24. Plaintiff was frustrated that Defendant disclosed her confidential information to her daughter without Plaintiff's prior consent, especially since her daughter had no legal obligation towards the subject debt.

25. Plaintiff never gave Defendant permission to contact her daughter regarding the subject debt.

26. Upon information and belief, Defendant unlawfully communicated with an unauthorized third-party, solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

27. Upon discovering the actions made by Defendant, Plaintiff was embarrassed and humiliated that personal and confidential information was disclosed to third parties without her consent.

## DAMAGES

28. Defendant's harassing and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

29. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, marriage turmoil, embarrassment, harassment, humiliation, emotional distress, anxiety, and loss of concentration.

30. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (VIOLATION OF FDCPA §1692b)

31. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

33. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of defaulted debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

34. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

35. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

36. Defendant's communications to Plaintiff's daughter were made in connection with the collection of the subject debt.

37. Defendant violated 15 U.S.C. §§1692b(2), c(b), d, e, and f through its unlawful debt collection practices.

38. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits a debt collector from contacting a third party and stating that a consumer owes any debt.

39. Defendant violated §1692b(2) when it called Plaintiff's daughter and disclosed confidential information about the subject debt.

## COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (VIOLATION OF FDCPA §1692c)

40. §1692c of the FDCPA states:

    **(b)Communication with third parties**
    Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

41. Defendant violated §1692c(b) when it contacted Plaintiff's daughter in regards to the subject debt that was owed by Plaintiff.

42. Specifically, Defendant contacted third parties without Plaintiff's consent.

43. Pursuant to §1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . ." 15 U.S.C. §1692c(a)(1).

44. Moreover, Defendant violated §1692c(a)(1) when it continuously called Claimant after being notified to stop.

45. This repeated behavior of continuously and systematically calling Claimant's cellular phone after she demanded that Defendant's call cease was harassing and abusive.

46. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Claimant into paying the subject debt.

47. In other words, since Claimant had advised Defendant that she did not wish to receive any calls, any time that Defendant contacted Claimant was an inconvenient time for Claimant to receive calls.

### COUNT III – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (VIOLATION OF FDCPA §1692d)

48. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

49. Defendant violated §1692d when it sent a text message to Plaintiff's daughters cellular phone and disclosed a debt was being collected for Plaintiff's outstanding subject debt. Defendant was simply trying to humiliate and harass Plaintiff into paying the subject debt immediately.

### COUNT IV – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (VIOLATION OF FDCPA §1692e)

50. Defendant violated §1692e by using false, deceptive, and misleading representation in connection with the collection of the subject debt. It was deceptive and misleading for Defendant to misleadingly request, by disclosing the subject debt, that Plaintiff's daughter to make a payment on Plaintiff's behalf despite never

consenting to being called nor being a signatory to any agreements with Defendant or its predecessors.

### COUNT V – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (VIOLATION OF FDCPA §1692f)

51. Defendant violated §1692f and f(1) by using and unconscionable means in attempting to collect on the subject debt.

52. Specifically, Defendant contacted a third party and disclosed private and inaccurate information about Plaintiff's debt. Defendant's unconscionable conduct was employed in order to humiliate Plaintiff so she would make an immediate payment on the subject debt.

53. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant deceptive means.

**WHEREFORE**, Plaintiff JENNIFER M. LUCAS respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Enjoining Defendant from further contacting Plaintiff's daughter .

c. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    d. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT VI – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

54. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

55. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

56. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provision of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.51(1).

57. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

58. Defendant violated section 559.72(7) of the FCCPA through its unlawful conduct.

### a. Violations of the FCCPA § 559.72(7)

59. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct, which can reasonably be expected to abuse or harass the debtor.

60. Defendant violated section 559.72(7) of the FCCPA when it placed harassing text messages to Plaintiff' daughter and disclosed confidential information regarding Plaintiff's subject debt.

**WHEREFORE**, Plaintiff JENNIFER M. LUCAS respectfully requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
d. Award Plaintiff and equitable relief, including enjoining Defendants from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);
e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and
f. Award any other relief this Honorable Court deems equitable and just.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: July 28, 2022	Respectfully Submitted,

<u>/s/ Alexander J. Taylor</u>
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com